**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

**FILED**

FEB 17 2010

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| UNITED STATES OF AMERICA, | No. 09-30155 |
| Plaintiff - Appellee, | D.C. No. CR-08-73-GF-SEH |
| v. | |
| BENJAMIN LEO ZARN, | MEMORANDUM[*] |
| Defendant - Appellant. | |

Appeal from the United States District Court
for the District of Montana
Sam E. Haddon, District Judge, Presiding

Argued and Submitted February 4, 2010
Seattle, Washington

Before: W. FLETCHER and RAWLINSON, Circuit Judges, and LASNIK,[**]
Chief District Judge.

---

[*]    This disposition is not appropriate for publication and is not precedent
except as provided by 9th Cir. R. 36-3.

[**]    The Honorable Robert S. Lasnik, United States Chief District Judge
for the Western District of Washington, sitting by designation.

-1-

Benjamin Leo Zarn appeals his conviction after a bench trial for receipt of child pornography in violation of 18 U.S.C. § 2252A(a)(2). He contends that there was insufficient evidence to support the conviction. Although Zarn admits to searching for and viewing child pornography on the Internet on multiple occasions, he did not download the images or know that the computers he used were automatically caching the images.

A court need not find that the defendant downloaded the images to convict him or her of possessing or receiving child pornography: "In the electronic context, a person can receive and possess child pornography without downloading it, if he or she seeks it out and exercises dominion and control over it." *United States v. Romm*, 455 F.3d 990, 998 (9th Cir. 2006) (citing *United States v. Tucker*, 305 F.3d 1193, 1204 (10th Cir. 2002)). Regardless of whether Zarn was aware that the computers automatically cached the child pornography images, he exercised dominion and control over those images. Zarn repeatedly used specific search terms and web addresses to seek out and access web sites containing child pornography images, he caused those images to appear on the computers' screens where he viewed them, and he controlled the images by displaying them, closing the sites, and moving from one to another. Furthermore, while viewing the images, Zarn had the ability to exercise further incidents of control by printing, saving, or

copying them.  The *Romm* court held that such indicia of control are sufficient to show possession and receipt:

> Romm exercised dominion and control over the images in his cache by enlarging them on his screen, and saving them there for five minutes before deleting them.  While the images were displayed on Romm's screen and simultaneously stored to his laptop's hard drive, he had the ability to copy, print, or email the images to others.  Thus, this evidence of control was sufficient for the jury to find that Romm possessed and received the images in his cache.

*Romm*, 455 F.3d at 998.  The facts in this case are sufficient to prove knowing receipt of child pornography.

**AFFIRMED.**